IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: )<br>)<br>INVERNESS VILLAGE, an Oklahoma )<br>   not for profit corporation, )<br>)<br>)<br>               Debtor. )<br>) | Case No.: 19-11510<br>(Chapter 11) |

**MOTION OF DEBTOR FOR APPROVAL OF CERTAIN
CASH MANAGEMENT AND OPERATIONAL ISSUES**

Inverness Village, debtor and debtor in possession (the "Debtor"), hereby submits this motion (the "Motion") for entry of an order authorizing the Debtor to (a) continue utilizing its prepetition bank accounts, (b) continue utilizing its prepetition disbursement procedure, and (c) authorizing the establishment of new bank accounts. In support of this Motion, the Debtor relies upon, and incorporates by reference, the Declaration of Michael Thatcher filed herein as Docket No. 4 (the "Thatcher Declaration"). In further support of this Motion, the Debtor presents the following:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over the Debtor, its estate, and this Chapter 11 case (the "Chapter 11 Case") pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND AND REQUESTED RELIEF**

3.  On July 22, 2019 (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor remains in possession of its assets and continues to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

5. No trustee, examiner or committee of creditors has been appointed in this case.

6. Additional information regarding the Debtor and this Chapter 11 Case, including the Debtor's business operations, capital structure, and the reasons for, and objectives of, this Chapter 11 Case, is set forth in the Thatcher Declaration.

7. The Debtor offers its residents a continuum of care in a campus-style setting, providing living accommodations and related health care and support services to a target market of seniors aged 55 and older (collectively, the "Inverness Facility"). The Inverness Facility includes (i) 196 independent living apartments, (ii) 40 cottages, (iii) 20 garden homes, (iv) 31 assisted living apartments (consisting of 35 beds) and 12 memory care units, and (v) 44 skilled nursing rooms. The Inverness Facility has approximately 293 residents. The Inverness Facility is classified as a continuing care retirement community (a "CCRC").

8. The financial operations of the Inverness Facility are managed by Asbury Communities, Inc. ("Asbury") pursuant to a Management Services Agreement. Asbury is a Maryland not-for-profit corporation based in Frederick, Maryland. Asbury owns or operates numerous CCRC's. In various marketing materials, the Debtor is referred to as "Asbury Inverness Village".

9. Debtor has no employees. The staff is employed by Affiliated Associates, Inc. ("Affiliated"), an entity affiliated with Asbury. Affiliated employs the staff at the Inverness Facility (referred to internally as "Associates") and is responsible for all employment related matters for such staff. Debtor is responsible for all the payroll costs and funds the cost of Debtor's staff shortly before disbursement of the payroll and related taxes, fees, and costs by Affiliated.

The Debtor's payroll is funded by electronic transfer from a Debtor bank account to an Affiliated bank account.

10. The accounting functions for the Debtor are performed by Asbury. While Debtor's revenues are deposited into a bank account at SunTrust Bank ("SunTrust") in the name of Debtor (the "SunTrust Account"), funds are disbursed from the SunTrust Account to an account or accounts of Asbury and Affiliated from which expenses of the Debtor are paid by Asbury and payroll is paid by Affiliated.

11. The Debtor has a bank account at Bank of Oklahoma, Tulsa, Oklahoma (the "BOK Account"). The BOK Account was initially funded with a property tax refund in the approximate amount of $1.2 million obtained by the Debtor after litigation in the District Court for Creek County. To date, all disbursements from the BOK Account have been made in the form of wire transfers.

12. The Debtor has a bank account at Chase Bank (the "Chase Account"). The Chase Account is solely used as a depository of revenues received in the form of checks at the Inverness Facility. The funds deposited in the Chase Account are regularly swept by Asbury to the SunTrust Account.[1] The Debtor makes no disbursements to creditors from the Chase Account.

13. The SunTrust Account, the BOK Account, and the Chase Account are the depository bank accounts for the Debtor. On the Petition Date the balance of the SunTrust Account was approximately $380,000, the balance of the BOK Account was approximately $4,500, and the balance of the Chase Account was approximately $13,000. The majority of the Debtor's revenues

---

[1] The Debtor is also party to an escrow account at SunTrust wherein resident entrance fees received from May to October, 2018 have been deposited and such funds are in escrow for the benefit of the residents that remitted entrance fees during such period to the Debtor. To the extent the United States Trustee would consider such escrow account to a bank account of the Debtor, the Debtor seeks authority to continue the existence of such account.

that include payments from residents and other payors are deposited into the SunTrust Account. Many of such deposits are in the form of automated transactions.

14. Debtor contends that since it does not disburse checks under its name, and there are no outstanding checks on the SunTrust Account, the BOK Account, or the Chase Account, there is no justification for closing such bank accounts. Additionally, closing the SunTrust Account and causing residents and other payors to redirect electronic payments to another bank account would result in a delay of receiving payments and disrupt cash flow that is necessary to provide services to the Debtor's residents. Debtor seeks authority to maintain its existing SunTrust Account, BOK Account, and Chase Account with the same styling and account numbers as existed prepetition and to treat such bank accounts as debtor in possession accounts. Debtor further requests an order authorizing and directing SunTrust Bank, Chase Bank, and Bank of Oklahoma to maintain, service and administer the respective bank accounts, without interruption and in the ordinary course of business, in accordance with applicable non-bankruptcy law and the account agreements and/or other service documentation between the applicable bank and the Debtor.

15. As set forth above, Asbury acts as the disbursing agent for the Debtor. When liabilities are due to be paid by the Debtor, Asbury transfers funds from the SunTrust Account to an Asbury bank account that is used as the vehicle for satisfying the Debtor's liabilities. Debtor seeks approval from the Court (a) to continue its prepetition disbursement process, (b) authorizing Asbury to make disbursements on behalf of the Debtor, and (c) authorizing and directing Asbury to rely on the representations and directions of the Debtor as to transfers from the SunTrust Account and which disbursements are to be made on behalf of Debtor and to comply with the instructions of Debtor in making disbursements on behalf of the Debtor.

16. The Debtor also intends to open several new bank accounts during the pending of

its bankruptcy case to the extent necessary to comply with further orders of the Court. The Debtor will designate such bank accounts as debtor in possession bank accounts and will include as signatories Michael Thatcher as Chief Restructuring Officer for the Debtor and at least one member of the Debtor's Board of Directors.

17. The granting of the relief requested herein will ensure the Debtor's orderly administration of its bankruptcy estate and avoid unnecessary delay and disruptions in its business operations.

WHEREFORE, the Debtor seeks an order of the Court authorizing (a) Debtor's continued utilization of the SunTrust Account, the BOK Account, and the Chase Account, (b) the Debtor's continued use of its pre-existing cash disbursement procedure and authorizing and directing Asbury to comply with instructions from the Debtor in making bank transfer and disbursements, (c) the establishment of new bank accounts as set forth above, and (d) for such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Neal Tomlins
Neal Tomlins, OBA No. 10499
Email: Neal@tplawtulsa.com
TOMLINS & PETERS, PLLC
Southern Hills Tower Suite 305
2431 East 61st Street
Tulsa, Oklahoma 74136
Phone: (918) 949-4411

Andrew R. Turner, OBA No. 9125
Email: aturner@cwlaw.com
Timothy T. Trump, OBA No. 10684
Email: ttrump@cwlaw.com
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma 74172-0148
(918) 586-8972, fax (918) 586-8672

Proposed Counsel for Inverness Village, debtor and debtor in possession